UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RALPH B. NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING INC., et al.,<br><br>    Defendants. | Case No. 5:20-cv-07127-EJD<br><br>**ORDER GRANTING DEFENDANT JP MORGAN CHASE BANK, N.A.'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 11 |

"This is the [fifth] case initiated by Plaintiff Ralph B. Neal concerning residential property located on Calco Creek Drive in San Jose."[1] *Neal v. Select Portfolio Servicing, Inc.*, 2018 WL 905942, at * 1 & n.1 (N.D. Cal. Feb. 15, 2018) ("*Neal III")*. The first four cases ended in defense judgments after all causes of action were dismissed without leave to amend. Although Plaintiff may have renamed his causes of action, they are factually identical to the claims asserted in the earlier cases. In addition, Plaintiff is requesting that the Court enjoin all defendants from foreclosing on his home and for defendants to provide him damages, which is identical to the

---

[1] The other four cases are *Neal v. Select Portfolio Servicing, Inc.*, Case No. 5:15-cv-03212-EJD ("*Neal I*"), *Neal v. Select Portfolio Servicing, Inc.*, Case No. 5:16-cv-04923-EJD ("*Neal II*"), *Neal v. Select Portfolio Servicing, Inc.*, 2018 WL 905942 (N.D. Cal. Feb. 15, 2018) ("*Neal III*"), and *Neal v. First American Title Insurance Co.*, 2019 WL 6771809 (N.D. Cal. Dec. 12, 2019) ("*Neal IV*"). The Court again "takes judicial notice of the pleadings filed in these actions." *See* Fed. R. Evid. 201(b) (providing that the court 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court 'may take judicial notice of court filings and other matters of public record')." *Neal III*, 2018 WL 905942 at *1 n.1.

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

1

relief sought in his earlier cases. The only change in this case is the inclusion of Defendant JP Morgan Chase Bank, N.A. ("Chase"); Defendants U.S. Bank NA, Successor in Interest to La Salle Bank, U.S. Bank NA as Trustee on behalf of the holders of the WAMU Mortgage Passthrough Certificates Series 2007-AA6 ("U.S. Bank"), Select Portfolio Servicing Inc. ("Select Portfolio"), First American Title Insurance Co. ("FATCO"), and Doe Defendants 1-20 were parties to the earlier suits.

Defendant Chase now seeks the same result in this case and moves to dismiss the complaint, and all causes of action alleged therein, on the various grounds of res judicata, lack of standing, and for failure to state a claim. Motion to Dismiss ("Mot."), Dkt. No. 11. Chase also moves for a pre-filing order barring future suits from Plaintiff based on the subject matter of this case. *Id*. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, both requests are **GRANTED**.

## I.   BACKGROUND[2]

The allegations in this complaint largely track those asserted in *Neal I*, *Neal II*, *Neal III*, and *Neal IV*. On May 17, 2007, Plaintiff purchased his Calco Creek Property (the "Property") with a $1,000,000 loan ("Loan") from Washington Mutual Bank ("Washington Mutual"), secured by a deed of trust ("DOT"), with California Reconveyance Company ("CRC") serving as trustee. *See* Complaint ("Compl."), Dkt. No. 1-1, Ex. A ¶¶ 13-14; Compl., Ex. B. On June 1, 2007, Washington Mutual assigned the DOT to LaSalle Bank, N.A. ("LaSalle Bank") as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 ("WaMu Trust"). RJN Exs. B, C.

---

[2] The following facts are taken from Plaintiff's complaint and judicially noticeable documents. Where, as here, the complaint attaches exhibits, those exhibits are treated as part of the factual allegations of the complaint for purposes of a motion to dismiss. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls." *Gamble v. GMAC Mortg. Corp.*, 2009 WL 400359, at *3 (N.D. Cal. Feb. 18, 2009). For the reasons discussed below, Chase's Request for Judicial Notice ("RJN"), Dkt No. 12 is also granted.

Case No.:   5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

2

Washington Mutual remained the servicer for the loans held by the WaMu Trust, including the Loan. *See* RJN Ex. B.

In September 2008, Washington Mutual was closed by the Office of Thrift Supervision ("OTS"), and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. Compl. ¶ 14; Compl., Ex. D. On September 25, 2008, the FDIC allocated Washington Mutual's assets and liabilities in accordance with the Purchase and Assumption Agreement ("P&A Agreement") entered into between the FDIC and Chase. Compl., Ex. D. Under the P&A Agreement, Chase "specifically purchase[d] all mortgage servicing rights and obligations" of WaMu. *Id.* § 3.1.

On November 4, 2010, CRC recorded an assignment noting a transfer of the DOT from Chase as "successor in interest to Washington Mutual" to "Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust." Compl., Ex. B. Thereafter, Select Portfolio became the loan's servicer, with FATCO serving as the trustee under the DOT. *See* Compl. ¶¶ 2, 26; Compl., Ex. C at 5. On May 29, 2019, FATCO recorded a Notice of Default against the Calco Creek Property providing that Plaintiff owed past due payments of $609,031.19. Compl., Ex. C.

Plaintiff alleges he discovered "several material inconsistencies and inaccuracies" with the total loan amount which he alleges is not "derived nor referenced as a continuity from the origination of the subject loan from [Washington Mutual]. Compl. ¶ 34. Moreover, he claims Chase had no legal authority to execute the Assignment to the Trust in November 2010 and that the Assignment was "robo-signed." *Id*. ¶¶ 23-24. Although the balance of the allegations in the operative complaint are diffuse, Plaintiff generally alleges that "assignments of the subject loan were . . . unlawfully made and that due to the pretentious chain of assignments, it [is] now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage on [the] subject property." *Id.* ¶ 25.

Plaintiff commenced the current suit on June 17, 2019, in Santa Clara County Superior

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

3

Court against U.S. Bank, Select Portfolio, FATCO, and Chase, asserting causes of action for "Declaratory Relief on Purchase and Servicing Agreement" and "Revocation of Assignments Deed of Trusts," against Chase. Compl. ¶¶ 33-63. While litigating this case in Santa Clara County Superior Court, Plaintiff was also simultaneously litigating *Neal IV* before this Court. In January 2020, the Santa Clara County Superior Court sustained a demurrer filed by U.S. Bank and Select Portfolio without leave to amend, but Plaintiff sought reconsideration. *See* RJN Ex. G. Chase was neither named as a defendant in *Neal IV* nor served by Plaintiff in this case until September 11, 2020. Plaintiff's reconsideration motion was pending at the time Chase filed its notice of removal. *See* Notice of Removal, Dkt. No. 1. Chase filed the instant motion on October 20, 2020, to which Plaintiff filed an amended opposition on January 19, 2021. Opposition ("Opp."), Dkt. No. 21. Chase filed a reply to the opposition on January 22, 2021. Reply, Dkt. No. 22.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the purposes of this analysis, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, a court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

4

1  factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal

2  quotation omitted).  "[C]onclusory allegations of law and unwarranted inferences are insufficient

3  to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Vexatious Litigant

Federal courts may subject vexatious litigants to pre-filing orders pursuant to the All Writs Act.  *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *see also Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) ("[I]t is clear that the district court has authority to issue pre-filing injunctions pursuant to 28 U.S.C. § 1651.").  Such orders should not be issued lightly; they are "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Id.*

There can come a time, though, when an abusive litigant's right of access must be curtailed by court order so as to control the type of "[f]lagrant abuse of the judicial process" that "enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  This can be especially pertinent to individuals proceeding without counsel because "fewer sanctions are available against a pro per litigant." *Doran v. Vicorp Rests., Inc.*, 407 F. Supp. 2d 1115, 1118 (C.D. Cal. 2005).  Absent an available means of restraint, such as an order requiring a litigant to obtain leave of court prior to filing documents, some cases may never come to an end.

The Ninth Circuit has articulated factors for district courts to examine before issuing a pre-filing order:

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile 'an adequate record for review.' Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

5

1  *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1147-48) (internal citations omitted).

## III. DISCUSSION

### A. Chase's Request for Judicial Notice

In connection with its motion to dismiss, Chase requests that the Court take judicial notice of the following documents: (1) Order Granting Motion to Dismiss in *Neal v. First American Title Insurance Co.*, No. 19-cv-05478, entered and filed by the Court on December 12, 2019 (RJN Ex. A); (2) Excerpts from the Pooling and Servicing Agreement ("PSA") for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust, dated June 1, 2007 (RJN Ex. B); (3) Excerpts from the asset list for WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust (RJN Ex. C); (4) Order Dismissing Appeal in *Neal v. First American Title Insurance Co.*, No. 20-15039, entered and filed August 11, 2020 (RJN Ex. E); (5) Order Sustaining Demurrer in *Neal v. First American Title Insurance Co.*, No. 19CV349019 entered and filed in the Santa Clara County Superior Court on January 28, 2020 (RJN Ex. F); and (6) Docket in *Neal v. First American Title Insurance Co.*, No. 19CV349019, Santa Clara County Superior Court (RJN Ex. G). *See* Dkt. No. 12.[3]

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

---

[3] Chase also requests that the Court take judicial notice of the complaint filed in *Neal v. First American Title Insurance Co.*, No. 19-cv-05478. As discussed above, the Court takes judicial notice of the pleadings filed in these actions." *See* Fed. R. Evid. 201(b) (providing that the court 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)(holding the court 'may take judicial notice of court filings and other matters of public record').

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

6

United States District Court
Northern District of California

1    Here, RJN Exhibits A, D, E, F, and G are all documents filed in or addressing prior suits
2  that form the basis for Chase's res judicata argument for dismissal. To determine whether to grant
3  a motion to dismiss on res judicata grounds, judicial notice may be taken of a prior judgment and
4  other court records. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial
5  notice of state court decision and related filed briefs for purposes of determining prior judgment's
6  preclusive effect). RJN Exhibits B (excerpts from the PSA) and C (excerpts from the asset list),
7  both documents from administrative agencies, are also properly noticed as public records. *See*
8  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Plaintiff does not oppose the Request for
9  Judicial Notice. The Court finds that all documents may properly be judicially noticed under
10  Federal Rule of Evidence 201(b) and accordingly GRANTS Chase's request.

**B.    Motion to Dismiss**

Chase moves to dismiss Plaintiff's complaint on various grounds, but the Court need only address one—that this action is barred by the affirmative defense of res judicata. Chase contends that, under California law, this district's dismissal with prejudice of the previous federal actions bars any further litigation of the claims in this matter. Mot. at 5-7. According to Chase, Plaintiff's latest lawsuit is materially identical to his previous four suits, *Neal I-IV*, since the thrust of the complaint is the same allegation that "assignments of the subject loan were . . . unlawfully made and that due to the pretentious chain of assignments, it is now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage on [the] subject property." *Id.* at 4 (citing Complaint ¶ 25); Reply at 2. Additionally, Chase argues that although it was not an appearing party in *Neal I-IV*, the claims against Chase are still barred.

Contrary to Chase's assertion, federal, not California law controls the inquiry because a federal court dismissed the previous actions. *Alcarmen v. J.P. Morgan Chase Bank*, No. 13-CV-1575, 2014 WL 3368647, at *6 (N.D. Cal. Jul. 8, 2014) (citing Wright & Miller, 18B Fed. Prac. & Proc. Juris. §§ 4466, 4469 (2d ed. 2015))); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (applying federal law of res judicata

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

7

without note). Federal law applies a transactional theory of claim preclusion that presents three elements: (1) identity of claims; (2) a final judgment on the merits of the earlier claims, and (3) privity between the parties to the earlier and later proceedings. *Tahoe-Sierra*, 322 F.3d at 1077.

The Court finds that all three elements are satisfied in this case. First, claims are identical when they derive from the same transactional nucleus of facts, notwithstanding any "different legal labels" attached to the claims asserted. *Id*. at 1077–78. This includes any claims that "could have been brought" in the action, regardless of whether they "were actually pursued." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). The same transactional nucleus of facts exists in this case as it did in the previous federal actions. As the Court explained in *Neal III*, the "revocation of assignments" cause of action is at most based on an "identical issue" already decided, or at least based on a primary right the Court has previously examined and determined against Plaintiff in *Neal I* and *Neal II*. *Neal III*, 2020 WL 905942 at *4. Moreover, Plaintiff's "Declaratory Relief on Purchase and Servicing Agreement" claim alleges Chase is not the valid successor of Washington Mutual. This too was a claim decided and resolved by the Court in *Neal I* under quiet title and declaratory relief causes of action. *Neal I*, Dkt. No. 39 at 6:2-24; 11:14-27. The legal claims are identical. Accordingly, the Court finds that the claims between this and the earlier actions are identical.

Second, a final judgment on the merits includes a dismissal with prejudice for failure to state a claim upon which relief can be granted. *See Alcarmen*, 2014 WL 3368647, at *8; *see also In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) ("An involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata[.]"). Because *Neal I* and *Neal II* were resolved by a judgment in favor of defendants, following two sets of dismissals with prejudice for failure to state a claim upon which relief can be granted, this element is also satisfied.

Third, for purposes of res judicata, privity exists not only where the parties are identical, but also where there is "substantial commonality of interest" between them. *Tahoe-Sierra*, 322 F.3d at 1081. Substantial commonality of interest exists where there is a "pre-existing substantive

1    legal relationship," such as an assignment of interest, *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008),

2    or where "a non-party succeed[s] to a party's interest in property." *In re Schimmels*, 127 F.3d at

3    881. "In the context of home foreclosures . . . subsequent trustees, assignees, or assignors of a

4    mortgage are in privity with one another." *Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-

5    03218, 2015 WL 332202, at *13 (N.D. Cal. Jan. 26, 2015); *see also Lomeli v. JPMorgan Chase*

6    *Bank, N.A.*, 2015 WL 12746210, at *6 (C.D. Cal. Oct. 5, 2015) ("In the context of home

7    foreclosures, courts have found that assignors and assignees of a mortgage are in privity with one

8    another.") (citing cases); *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-CV-00602, 2014 WL

9    4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding substituted trustee and servicers of mortgage

10   loan in privity with original lender, nominee, and trustee sued in prior lawsuit); *Apostol v.*

11   *CitiMortgage, Inc.*, No. 13-CV-01983, 2013 WL 6328256, at *5 (N.D. Cal. Nov. 21, 2013)

12   (assignee of deed of trust in privity with its assignor). Privity exists between Chase and the

13   defendants in *Neal I-IV*.

14   Because each element of claim preclusion is satisfied, the Court finds that this entire action

15   is barred by the doctrine of res judicata. Because there is no set of facts that could alter that

16   finding, the Court is compelled to dismiss the entire action with prejudice.

17   **C.   Vexatious Litigant**

18   Having dismissed Plaintiff's claims, the Court turns to Chase's request that the Court enter

19   a pre-filing order barring future suits from Plaintiff related to the Property's mortgage. It

20   discusses each of the *De Long* factors in turn.

21   **i.   Notice and Opportunity to be Heard**

22   The first factor requires that the litigant be afforded an opportunity to oppose the order

23   before it is entered. *De Long*, 912 F.2d at 1147. "Courts in this circuit have held that a motion to

24   declare a litigant vexatious does not require oral argument." *Gavin v. City & Cty. of San*

25   *Francisco*, Case No. 15-cv-5202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016); *see*

26   *also Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3,

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

9

2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements") (internal quotation omitted).

The first *De Long* factor is satisfied here because Plaintiff has filed an opposition to Chase's motion to dismiss. Dkt. No. 21. In addition, Plaintiff has been explicitly warned that a continued pattern of unsuccessful filings may lead to a declaration that he is a vexatious litigant. In *Neal IV* this Court advised Plaintiff that

> "Plaintiff may not pursue additional litigation that recites same or similar causes of action as those already dismissed by the Court. Plaintiff is advised that adding, removing, or reframing causes of actions or defendants will not save his claims. Failure to comply with this instruction will result in the Court imposing a pre-filing order pursuant to 28 U.S.C. § 1651. For clarity, this means that if Plaintiff brings a fifth Complaint alleging that he is excused from paying his mortgage/pleads causes of action stemming from his Calco Creek mortgage, a pre-filing order pursuant to 28 U.S.C. § 1651 will be imposed.

*Neal III*, 2013 WL 622363 at *2.

### ii. Adequate Record of Review

The second factor is merely procedural. *See De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."). It requires only that the court compile a list of actions and filings by the litigant. *See, e.g., Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 U.S. Dist. LEXIS 4802, at *5, 2013 WL 144047 (N.D. Cal. Jan. 11, 2013) (finding the second De Long factor met where the court "compiled a list of all the actions Plaintiff filed"). In satisfaction of this factor, the Court lists each of the five actions that Plaintiff has filed in Exhibit A which is attached to this order.

### iii. Frivolous or Harassing Nature of Plaintiff's Actions

Under the third factor, courts must examine "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (quotations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT
10


claims must not only be numerous, but also be patently without merit." *Id.* (quotation omitted). Because plaintiff has sued Chase and the other defendants multiple times on the same foreclosure event, this order finds there is a sufficient basis to conclude that plaintiff's litigation against defendants has been abusive and frivolous.

In considering the third *De Long* factor—as well as the fourth (i.e., narrow tailoring of the vexatious litigant order)—the Ninth Circuit has found the following considerations helpful, as outlined by the Second Circuit in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986):

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24); *see also Boustred v. Gov't*, No. C-08-00546 RMW, 2008 WL 4287570, at *2-43, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) (considering all five *Safir* factors). These considerations lead the Court to the following conclusions.

With respect to the first *Safir* factor, Plaintiff has filed five cases related to the foreclosure of his home. *See* Exhibit A. While the number of filings does not itself establish Plaintiff as a vexatious litigant per se, the duplicative and harassing nature of his filings do. The Court is not presented here with a plaintiff who is filing the same type of action over and over again. *See In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) ("[T]he district court should be careful not to conclude that particular types of actions filed repetitiously, i.e., FOIA actions, in and of themselves warrant a finding of harassment. Instead, the district court should attempt to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court."). Rather, Plaintiff is filing the same factual case repeatedly. The different lawsuits filed by Plaintiff may raise different named claims, but they are all based on the allegedly unlawful foreclosure of

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

11

the Property.

Because Plaintiff continues to bring the same factual case, in spite of repeated dismissals on the merits and pursuant to the doctrine of res judicata by the Court, he is filing not only duplicative lawsuits but also, necessarily frivolous and harassing ones. Given the circumstances, a declaration of vexatiousness is particularly appropriate. *See Broemer v. Bush*, No. CV 10-05193 MMM (RZX), 2014 U.S. Dist. LEXIS 190424, at *23 (C.D. Cal. Feb. 6, 2014) (stating that, "[i]f a litigant has a pattern of vexatious or harassing litigation, especially in derogation of the doctrine of res judicata, a district court has authority under 28 U.S.C. § 1651 to enter an order sua sponte enjoining the litigant from filing papers without obtaining leave of court"); *Martin v. Redwood City Dental Care*, No. 15-CV-03151-JST, 2015 WL 9489898, at *5 (N.D. Cal. Dec. 29, 2015) ("find[ing] that Martin's conduct is harassing because she has continued to file frivolous lawsuits against various defendants despite the fact that many, if not most, of her previous complaints have been screened for failure to state a legally cognizable federal claim"); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *9 (N.D. Cal. Mar. 10, 2015) (stating that "[t]he first [Safir] factor weighs heavily in favor of declaring Plaintiff vexatious" because "Plaintiff has filed at least eight lawsuits aimed at delaying nonjudicial foreclosure proceedings on the two properties he owns in Saratoga, California," "Plaintiff has not prevailed in any," and, "[d]espite repeated warnings from judges in this district that Plaintiff's meritless theory of liability has been rejected, Plaintiff continues to file lawsuits premised on the same allegations").

Moreover, it is unlikely that other sanctions would be adequate to protect defendants or the courts because any attempt to obtain and collect monetary sanctions from a pro se litigant like Plaintiff would likely increase court proceedings and the financial burdens on the defendants. Nor does it seem likely, in light of the litigation history here, that nonmonetary directives would deter Plaintiff from continuing to harass the defendants and from abusing judicial resources. *See Patterson v. Goncalves*, No. C 14-01311 CRB, 2014 WL 4683222, at *4 (N.D. Cal. Sept. 19,

2014) (finding that monetary and nonmonetary sanctions would be unlikely to deter vexatious pro se litigants in light of Plaintiffs' harassing litigation history). Having considered alternative sanctions, a prefiling order is warranted to deter Plaintiff's harassing actions and the filing of frivolous claims.

### iv. Narrowly-Tailored Order

The final factor requires that the prefiling order be narrowly tailored to the vexatious litigant's wrongful behavior. *See Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). As discussed above, Plaintiff has brought multiple suits before the Court based on previously rejected facts and theories. Thus, the Court finds it appropriate to deem Plaintiff a vexatious litigant and to construct a narrowly tailored prefiling order.

Accordingly, Plaintiff must obtain leave of court before filing any further suits based on his allegations that he is excused from paying his mortgage or pleads causes of action stemming from his Calco Creek Property mortgage. If Plaintiff wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall not accept for filing any further complaints filed by Plaintiff or on behalf of Plaintiff alleging any claims described herein until the complaint has first been reviewed by the general duty judge of this Court and approved for filing.

The Court cannot find authority to bar Plaintiff from suing the defendants in other districts or state court, but if he does so on the same matters already barred, defendants should bring this order to the attention of the supervising judge.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Chase's motion to dismiss and **DISMISSES WITH PREJUDICE**. Plaintiff is hereby **DECLARED** a vexatious litigant and is **ORDERED** to comply with the re-filing restrictions described above.

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

13

1    The Clerk shall close this file.

2    **IT IS SO ORDERED.**

3    Dated: February 25, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-07127-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT
14